**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CONNIE OCCHIPINTI,

Plaintiff,

v.

GEISINGER SYSTEM SERVICES,

Defendant.

CIVIL ACTION NO.: ____________

JURY TRIAL DEMANDED

*Electronically Filed*

## COMPLAINT

Plaintiff, Connie Occhipinti, a resident of Luzerne County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Geisinger System Services, and complains and alleges as follows:

## INTRODUCTION

1. This case arises out of Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (the "ADA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq*. (the "PHRA").

## PARTIES

2. Plaintiff Connie Occhipinti ("Ms. Occhipinti") is an adult individual residing in Luzerne County, Pennsylvania.

3. Defendant, by and through SHS Tech Staffing, employed Ms. Occhipinti from on or about March 21, 2016, until it terminated her employment on or about April 29, 2016.

4. Defendant Geisinger System Services ("Geisinger") is a Pennsylvania non-profit corporation, with a primary business address of 100 North Academy Avenue, Danville, Montour County, Pennsylvania 17822.

5. Geisinger is an integrated health services organization.

6. During the period of Plaintiff's employment, Geisinger was an employer as defined by the ADA and PHRA.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States. This Court also has pendant jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 in that Defendant does business in this district and a substantial part of the events giving rise to the claims occurred in this district.

9. Ms. Occhipinti filed a charge of disability discrimination with the Pennsylvania Human Relations Commission in or about September 2016, which was docketed as Case Number 201601367.

10. Ms. Occhipinti's charge of discrimination was cross filed with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge Number 17F201760337.

11. Ms. Occhipinti received a Right to Sue letter from the EEOC dated October 23, 2017, and has satisfied all administrative requirements prior to filing this Complaint.

## FACTUAL BACKGROUND

12. Ms. Occhipinti began working for Geisinger, by and through SHS Tech Staffing, on or about March 21, 2016, as a full-time long term Information Technology Analyst in Danville, Pennsylvania.

13. Ms. Occhipinti suffers from dyslexia, a disability which impairs her ability to read, concentrate and process information.

14. Ms. Occhipinti was able to perform the essential functions of her job without an accommodation.

15. On or about March 29, 2016, Ms. Occhipinti's supervisor, Ms. Krum, expressed to Ms. Occhipinti how impressed she was with Ms. Occhipinti, and that Ms. Krum could see how Ms. Occhipinti was beginning to master some concepts

learned from her training.  Ms. Krum also told Ms. Occhipinti to "keep up the good work."

16. On April 26, 2016, Ms. Krum sent Ms. Occhipinti a job description for a System Analyst position to see if Ms. Occhipinti was interested in applying for this permanent position with Defendant.

17. On April 26, 2016, Ms. Occhipinti replied to Ms. Krum that she was interested in applying for the System Analyst position.

18. On or about April 27, 2016, Ms. Occhipinti advised Ms. Krum of her learning disability, dyslexia.

19. On or about April 27, 2016, after Ms. Occhipinti advised Ms. Krum of her disability, Ms. Krum advised Ms. Occhipinti to contact SHS Tech Staffing, and stated that Ms. Occhipinti had no future with Defendant.

20. On or about April 29, 2016, Ms. Krum terminated Ms. Occhipinti's assignment with Defendant, stating that Ms. Occhipinti "was not a good fit," and that her employment "wasn't working out."

## COUNT I
## Unlawful Discrimination Pursuant to the ADA

21. Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

22. Ms. Occhipinti is within the protective class of individuals as designated by the ADA.

23. Ms. Occhipinti is a qualified individual with a disability.

24. Ms. Occhipinti's disability substantially limits her ability to perform major life activities, including reading, concentrating and processing information.

25. Ms. Occhipinti was able to perform the essential functions of her job without a reasonable accommodation.

26. Geisinger violated the ADA and committed illegal discrimination by discriminating against Ms. Occhipinti because of her disability or because of a perceived disability. Specifically, even though Ms. Occhipinti performed her job in a satisfactory manner and received praise from Ms. Krum, Ms. Krum terminated Ms. Occhipinti's employment for no reason within two days of learning of Ms. Occhipinti's learning disability.

27. Additionally, Geisinger refused to consider Ms. Occhipinti for the position of System Analyst because of her disability or because of a perceived disability.

28. As a direct and proximate result of the conduct of Geisinger in violating the ADA by discriminating against Ms. Occhipinti on the basis of her disability or a perceived disability, Ms. Occhipinti has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Ms. Occhipinti demands that the Court declare the conduct engaged in by Geisinger to be a violation of Ms. Occhipinti's rights under the ADA and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

**COUNT II**
**PHRA Allegations**

29. Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

30. This is an action arising under the provisions of the PHRA, and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

31. By discriminating against Ms. Occhipinti on the basis of her disability, Geisinger violated the provisions of Title 43 P.S. § 955 which prohibit discrimination and harassment based upon a disability or a perceived disability.

32. As more fully set forth in Count I, Ms. Occhipinti has suffered directly and solely as a result of Geisinger's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Ms. Occhipinti respectfully prays that judgment be entered in her favor and against the Geisinger for all of the relief sough in Count I, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

October 30, 2017
Date

*/s/ Larry A. Weisberg*

Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Derrek W. Cummings, Esquire
PA Bar I.D. #83286
dcummings@mwcfirm.com

Stephen T. Mahan, Jr., Esquire
PA Bar I.D. #313550
smahan@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)
Attorneys for Plaintiff